IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARY A. EXUM                                                                                              PLAINTIFF

vs.                                         Civil No. 04-6138

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                                DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

      Mary Exum (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her application for disability and disability insurance benefits (hereinafter "DIB"), pursuant to *§§ 216(i) and 223* of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*, and for supplemental security income (hereinafter "SSI") benefits, pursuant to *§ 1602* of Title XVI, *42 U.S.C. § 1381a*. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

      Plaintiff filed her appeal on October 22, 2004 (Doc. #1). The procedural history of the administrative proceedings is contained in the appeal briefs submitted by the parties (Doc. #5 and 6), and will not be recounted herein, except as is necessary.

      Plaintiff alleges that she is disabled due to: low back pain; migraine headaches; nerves; leg and hip pain; arthritis; degenerative joint disease; degenerative disc disease; muscle spasms; repeated falls; numbness; foot dragging; dizziness; poor vision; fatigue/weakness; swelling; depression; bone spurs; repeatedly dropping things; shortness of breath; inability to concentrate;

side effects of muscle relaxers and pain medications; and, minimal dessication involving the L4-5 intervertebral discs with mild disc bulge at the L4-5 level, without central canal or neural foraminal stenosis.

Plaintiff asserts that the Administrative Law Judge (hereinafter "ALJ"), erred in rendering a decision finding Plaintiff not disabled (Doc. #1 & 5; T. 14-21).

The Plaintiff's administrative hearing was conducted by ALJ Dean C. Metry, on September 11, 2003 (T. 230-265), after which the ALJ rendered his written decision, dated December 18, 2003 (T. 14-21).

Plaintiff then sought review by the Appeals Council (T. 10). On September 30, 2004, the Appeals Council denied Plaintiff's request for review, thereby making the decision of the ALJ the final decision of the Commissioner (T. 5-9). Plaintiff appealed the adverse decision to the United States District Court for the Western District of Arkansas (Doc. #1). This matter is now before the undersigned by consent of the parties (Doc. #7).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000).* Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).* In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012.* We may not reverse the Commissioner's decision merely because substantial evidence exists in

the record that would have supported a contrary outcome. *See id.; Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993)*. Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992)*.

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege mental impairment, the application of a

AO72A
(Rev. 8/82)

special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

**Discussion:**

On appeal, Plaintiff argues that the Commissioner failed to carry her burden at steps four and five of the sequential analysis by disregarding the treating physician's opinion, determining plaintiff has a residual functional capacity not supported by substantial record evidence, and relying on the Medical Vocational Guidelines (hereinafter the "grids"), rather than obtaining testimony from a vocational expert (hereinafter "VE") (Doc. #5). Based upon a thorough review of the administrative record, the undersigned finds that the ALJ erred by failing to rely on the testimony of a vocational expert when rendering his decision at step five of the sequential analysis. Implicit in Plaintiff's argument is the ALJ's failure to rely on the testimony of the VE at step five, despite the fact that the ALJ produced and questioned a VE during the administrative hearing (T. 259-265). Hence, the ALJ had every opportunity to obtain and rely on VE testimony; yet, he failed to do so. Additionally, this issue argument necessarily involves analysis of whether the ALJ conducted a proper analysis of Plaintiff's exertional and nonexertional impairments.

A claimant has the burden of proving that she does not have the residual functional capacity to perform her past relevant work. *Beckley v. Apfel, 152 F.3d 1056, 1059 (8th Cir.*

*1998); see Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993).* Once she has met her burden at step four of the sequential analysis, the burden shifts to the Commissioner to prove that claimant can perform an alternative type of gainful employment. See *Beckley at 1059.* To fulfill this burden, the ALJ may refer to the medical-vocational guidelines or "grids" which are fact-based, generalized lists of available jobs for people of varying ages, educational backgrounds, and previous job experience. The "grids" also take into account the various degrees of exertional impairment. See *Beckley at 1059; see also Foreman v. Callahan, 122 F.3d 24, 25 (8th Cir. 1997).* "Reliance on the grids is 'predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs' and therefore 'may not be fully applicable where the nature of an individual's impairment does not result in such limitations'" *Beckley at 1059*, (quoting *Foreman* and *20 C.F.R. Pt. 404, Subst. P, App.2, § 200.00(e)).*

When a claimant's nonexertional impairments diminish her residual functional capacity to perform the full range of work set forth in the guidelines, an ALJ must produce expert vocational testimony to establish there are jobs available in the national economy which Plaintiff is able to perform, in light of her exertional and nonexertional limitations. *Sanders v. Sullivan, 983 F.2d 822, 823 (8th Cir. 1992)(citing Thompson v. Bowen, 850 F.2d 346, 349-50 (8th Cir. 1988)).* Nonexertional limitations include: difficulty functioning due to being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing; difficulty tolerating some physical feature(s) of certain work settings (e.g., dust or fumes); difficulty performing the manipulative or postural functions of some work such as reaching, handling,

AO72A
(Rev. 8/82)

stooping, climbing, crawling, or crouching. *20 C.F.R. §§ 404.1569 and 416.969a(c)*. Pain is a nonexertional limitation. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir. 1991)*.

In determining whether the ALJ properly disregarded Plaintiff's subjective complaints, the Court must determine if the ALJ properly followed the requirements of *Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)* (subsequent history omitted), in evaluating her pain and credibility.

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>    1. the claimant's daily activities;
>    2. the duration, frequency and intensity of the pain;
>    3. precipitating and aggravating factors;
>    4. dosage, effectiveness and side effects of medication;
>    5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original)*.

However, in addition to the requirement that the ALJ consider the Plaintiff's allegations of pain, the ALJ also has a statutory duty to assess the credibility of plaintiff and other witnesses. *Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992)*. The ALJ may discredit subjective complaints of pain inconsistent with the record as a whole. *Ownbey v. Shalala, 5 F.3d 342, 344 (8th Cir. 1993)*.

Here, Plaintiff seeks DIB and SSI benefits (T. 56-59, 212-214). The relevant time period

AO72A
(Rev. 8/82)

for purposes of her application for DIB benefits begins with her alleged onset date of disability, which is August 31, 2001 (T. 56-59). The relevant time period ends on the date of the ALJ's decision, December 18, 2003 (T. 14-21). The relevant time period at issue in Plaintiff's SSI application begins with the date Plaintiff protectively filed her application for benefits, January 16, 2002 (T. 211), and ends with the date of the ALJ's decision, December 18, 2003 (T. 14-21).

Here, Plaintiff's past relevant work consisted of being a clerk, canteen worker, cafeteria worker, waitress and stock clerk (T. 259). According to the VE's testimony, Plaintiff's past work involved numerous job duties, such as: food preparation; cleaning; stocking; waitress; and, cashier (T. 259).

At step four of the sequential analysis, the ALJ determined that Plaintiff has the residual functional capacity to perform the "full range of sedentary work" with "limited occasional use of the left leg for climbing stairs, pushing/pulling, stooping, crouching, kneeling, and crawling" (T. 18, 20). The ALJ also determined that Plaintiff no longer maintained the residual functional capacity to perform her past relevant work (T. 19). Thus, the analysis proceeded to the fifth step, where the burden of proof shifted to the Commissioner (T. 19). At step five of the sequential analysis, the ALJ relied on the Medical-Vocational Guidelines to determine that Plaintiff was not disabled (T. 19-21).

The record in this case is replete with allegations of a wide variety of nonexertional functional limitations. Unfortunately, there is a litany of nonexertional impairments which were not addressed, analyzed or even mentioned by the ALJ. For example, in addition to numerous complaints of lumbar pain, Plaintiff testified and reported to medical providers that she experienced pain in many other parts of her body, including her: hips, legs and hands (T. 12, 87,

AO72A
(Rev. 8/82)

104, 129, 245, 238, 240, 241, 244, 68, 72, 249). Much of Plaintiff's pain in her lumbar spine, hips, legs and feet, is attributed to the her diagnoses of degenerative disc disease, degenerative joint disease, arthritis and mild bulging of two discs in her lumbar spine. In response to Plaintiff's complaints of pain, her physicians prescribed pain medications, including but not limited to: Percocet and Oxydodone (T. 71, 73, 83, 90, 92, 120, 123, 133, 144, 147, 193-199, 246, 194). Yet, the ALJ never conducted a proper analysis with regard to Plaintiff's allegations of pain (T. 14-21). In fact, the ALJ's only mention of Plaintiff's pain, was as follows:

> From a review of the medical evidence outlined above, it is reasonable to assume that Ms. Exum does experience some pain and limitation due to a disorder of the back; however, the degree to which her impairment functionally limitng is an issue which is very much open to question.

(T. 17).

The ALJ clearly recognizes the need to conduct an evaluation and analysis of Plaintiff's pain. Yet, he failed to mention her allegations of pain in the remainder of his decision.

Plaintiff also testified and reported to her physicians that she often experiences fatigue/weakness (T. 72, 83, 106, 121, 128, 129, 133, 135, 146, ), swelling (T. 245), dizziness (T. 128, 142), shortness of breath (T. 128, 129), loss of concentration (T. 250), poor vision (T. 82, 128, 135, 142) and numbness (T. 244, 245, 249, 69, 70, 126, 135, 154). Plaintiff also testified that she frequently has to drag her foot due to pain, numbness and swelling. Plaintiff alleges that she frequently has migraine headaches (T. 71, 135, 137, 143, 161, 192). Additionally, Plaintiff reported experiencing muscle spasms (T. 104, 121, 128, 130).

Many of Plaintiff's nonexertional complaints are supported by a corresponding medical condition. For example, Plaintiff's complaints of lumbar pain correspond with the MRI

AO72A
(Rev. 8/82)

performed on Plaintiff's lumbar spine, as are Plaintiff's complaints of weakness, fatigue and numbness. *See http://www.webmd.com/hw/back_pain/hw226047.asp*. The muscle spasms are also consistent with Plaintiff's lumbar disc bulge at L4-5. *See http://www.webmd.com/hw/back_pain/hw226047.asp*. Plaintiff's complaints of fatigue, weakness and drowsiness are consistent with the potential side effects of the pain, depression and anti-anxiety medications prescribed to and taken by Plaintiff (T. 246, 177, 188, 71, 73, 83, 90, 92, 120, 123, 133, 144, 147, 193, 194, 195, 196, 197, 198, 199, 139, 194) See http://www.webmd.com/hw/pain_management/tv7362.asp. Allegations of fatigue must be discussed and analyzed, applying the standards that relate to the similar, subjective complaint of pain. *Jackson v. Bowen, 873 F.2d 1111, 1114 (8th Cir. 1989)*. Despite all the corresponding medical evidence, the ALJ relied on the grids rather than VE testimony at step five of the sequential analysis. This is error. The record plainly establishes substantial evidence of nonexertional impairments which warrant the reliance on VE testimony based upon hypothetical questions which reflect that ALJ's findings with respect to Plaintiff's impairments and residual functional capacity during the relevant time period.

Plaintiff alleged that she experienced fatigue and severe pain. The ALJ's failure to give more than a cursory mention to Plaintiff's complaints of pain, and his making little or no mention of her complaints of fatigue, weakness, numbness and muscle spasms, indicates that the ALJ failed to adequately consider/analyze these factors, which constitutes error. The ALJ clearly has a duty to produce a decision with a complete evaluation of Plaintiff's subjective complaints. Here, the ALJ's decision is in error because he: failed to properly evaluate Plaintiff's credibility; failed to properly evaluate Plaintiff's subjective complaints; failed to comply with the requirements of *Polaski*; and, failed to obtain the testimony of a vocational

AO72A
(Rev. 8/82)

expert. Therefore, this case must be remanded.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir. 1991).*

**Conclusion:**

Accordingly, we conclude that the decision of the Commissioner denying benefits to the Plaintiff, is not supported by substantial evidence and should be reversed. This matter should be remanded for proceedings consistent with this decision.

ENTERED this 7th day of December, 2005.

        /s/Bobby E. Shepherd
        Honorable Bobby E. Shepherd
        United States Magistrate Judge

AO72A
(Rev. 8/82)