IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARY EXUM                                                                                    PLAINTIFF

           v.                                            Civil No. 04-6138

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                      DEFENDANT

## MEMORANDUM OPINION

      Plaintiff, Mary Exum, appealed to this Court from the denial of disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), by the Commissioner of the Social Security Administration (hereinafter "Commissioner").  On December 7, 2005, this matter was remanded to the Commissioner for further consideration (Doc. #8 & 9).

      Plaintiff's attorney, Fritzie M. Vammen, filed an Application For Attorney's Fee Under the Equal Access to Justice Act (hereinafter the "*EAJA"*), on January 8, 2006 (Doc. #10).  The Commissioner responded on January 18, 2006 (Doc. #11).  Therefore, this matter is now ready for consideration.

      *28 U.S.C. §2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The Commissioner has the burden of proving that the denial of benefits was substantially justified.  *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986).*

      Plaintiff is the prevailing party in this matter.  The Commissioner does not oppose the award of a reasonable attorney's fee under the *EAJA,* does not object to the compensable hourly rate sought and does not object to the number of hours for which compensation is sought by

counsel. The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. §406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. §406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. See *Equal Access to Justice Act, Extension and Amendment, P.L. No. 99-80, 99 Stat. 1983 (1985)*.

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984)*.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2412(d)(2)(A).* Plaintiff's attorney requests an award under the *EAJA,* at the rate of $150.00

AO72A
(Rev. 8/82)

per hour for the 21 hours she claims were performed representing the plaintiff in before this Court. She also seeks reimbursement of costs in the amount of $13.00.

As has been noted, the Commissioner has raised no objection. We note, however, that an award based upon an hourly rate of $148.00 per hour, reflecting an increase in the cost of living, will result in consistent hourly fee awards in cases in Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990)*. Counsel's request for reimbursement of costs is reasonable and should be granted.

Further, we have reviewed counsel's itemization of time appended to her petition (Doc. #10, Statement of Hours). We note that the defendant has not objected to the number of hours for which counsel seeks a fee award, and we find the time asserted to be spent in representation of the plaintiff before the district court, to be reasonable. Thus, we find that plaintiff's counsel is entitled to compensation under the *EAJA* for 21 hours.

Accordingly, we find that counsel is entitled to compensation for 21 hours at the rate of $148.00 per hour and reimbursement for costs in the amount of $60.64, for a total attorney's fee award of $3,121.00 under the *EAJA*.

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 14th day of April, 2006.

                                            /s/ Bobby E. Shepherd
                                            HONORABLE BOBBY E. SHEPHERD
                                            UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)